UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.12-20063-CIV-COHN/SELTZER

LEDISBEL DE ARMAS
and other similarly-situated individuals,

    Plaintiff,

v.

MIABRAZ LLC D/B/A
LITTLE BRAZIL and
ANA CECILIA TEXEIRA
Individually

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff **LEDISBEL DE ARMAS**, by and through the undersigned counsel, on behalf of himself and other similarly situated, and hereby alleges the following cause of action:

1. Plaintiff **LEDISBEL DE ARMAS**, (hereinafter **DE ARMAS**) was an employee of Defendants as more fully alleged in this complaint.  Plaintiff brings this action on behalf of himself and on behalf of others similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

2. At all times hereto, Plaintiff **DE ARMAS** was employed by Defendants as a Cook, performing non-exempt restaurant work, within the personal jurisdiction and venue of this Court.

3. Plaintiff **DE ARMAS** began working for Defendants on or about July 15, 2010, and he worked for Defendants until July 17, 2011.

4. The corporate Defendant **MIABRAZ, LLC** is a Florida Corporation doing business under the fictitious name of **LITTLE BRAZIL** (hereinafter **"BRAZIL"**). Defendant provides restaurant services, in Miami, Florida. Defendant employed persons like Plaintiff and others similarly situated to work on its behalf to provide such services. Defendant **BRAZIL** is within the personal jurisdiction and venue of this court.

5. The individual Defendant **ANA CECILIA TEXEIRA** (hereinafter **TEXEIRA**) was and is an individual resident of the State of Florida who upon information and belief owns, manage and operates **BRAZIL**. By virtue of such control and authority, she is the employer of Plaintiff **DE ARMAS** and other similarly situated as such term is defined by the FLSA.

6. At all times material hereto, **DE ARMAS** and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Title 29 U.S.C.§ 216 (b) on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2008 (the "material time") without being compensated.

8. In the course of employment with one or all Defendants, Plaintiff **DE ARMAS** and the other employees in the asserted class regularly worked overtime hours (hour worked in excess of 40 per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of the regular rate of pay (the "overtime rate") for all of the overtime hours worked, among other violations of the FLSA.

9. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

10. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C §1337 and by Title 29 U.S.C. §216 (b).  At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

11. At all time pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled for all of the hours worked over forty (40) within a workweek.

12. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay costs and a reasonable attorneys' fee pursuant to 29 U.S.C. §216 (b).

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME); AGAINST CORPORATE DEFENDANT BRAZIL**

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 of this complaint as if set out in full herein.

14. Plaintiff **DE ARMAS** worked as a Cook for the Defendants' business from approximately July 15, 2010 to July 17, 2011.

15. This action is brought by Plaintiff **DE ARMAS** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer **BRAZIL** is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its

services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

17. By reason of the foregoing, the Employer/Defendant **BRAZIL** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant. Defendant business activities involve those to which the Fair Labor Standards Act applies. The Defendant is a **Restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by Defendant as a **Cook** for the Defendants' business.

18. While employed by Defendant, Plaintiff worked an average of **Eighty four (84)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a Cook performing the same or similar duties as that of those other similarly-situated **"Kitchen"** personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

19. Plaintiff was paid an average of **$11.25** an hour from **July 15, 2010 to July 17, 2011 (the "relevant time period"),** but was never compensated at the overtime rate for the hours

that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from **July 15, 2010 to January 17, 2011 and**/or from 3 (three) years from the date of the filing of this complaint.

20. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

21. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

    a. Total amount of alleged unpaid wages:

       **Thirty Eight Thousand Five Hundred Ninety Eight Dollars and 56/100 ($38,598.56)**

    b. Calculation of such wages:

       **$16.87** (unpaid OT rate per/hour) x **44 hours** of overtime per week = **$742.28** per week; **$742.28** (OT owed per week) x **52 weeks** = **$38,598.56** (per 1 year)

    c. Nature of wages (e.g. overtime or straight time):

       This amount represents the unpaid **overtime**.

22. At all times material hereto, the Employer/Defendant **BRAZIL** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at

the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

23. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. At the times mentioned, individual Defendant **TEXEIRA**, was and is now, the Director and/or owner of Defendant Corporation.  Defendant **TEXEIRA** was employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant **TEXEIRA** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

25. Defendant **BRAZIL** willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant **BRAZIL** as set forth above.

26. By reason of said intentional, willful and unlawful acts of Defendants, Plaintiff and the similarly situated employees in the asserted class have suffered damages.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff **DE ARMAS** and other similarly-situated and against the Defendant **BRAZIL** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff **DE ARMAS** actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff **DE ARMAS** an equal amount in double damages/liquidated damages; and

D. Award Plaintiff **DE ARMAS** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME); AGAINST INDIVIDUAL DEFENDANT ANA CECILIA TEXEIRA

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 of this complaint as if set out in full herein.

29. Plaintiff **DE ARMAS** worked as a Cook for the Defendants' business from approximately July 15, 2010 to July 17, 2011.

30. This action is brought by Plaintiff **DE ARMAS** and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Employer **TEXEIRA** is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its

services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

32. By reason of the foregoing, the Employer/Defendant **TEXEIRA** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant business activities involve those to which the Fair Labor Standards Act applies.  The Defendant's business is a **Restaurant** and, through her business activity, affects interstate commerce.  The Plaintiff's work for the Defendant likewise affects interstate commerce.  Plaintiff was employed by Defendant as a **Cook** for the Defendants' business.

33. At the times mentioned, individual Defendant **TEXEIRA**, was and is now, the Director and/or owner of Defendant Corporation.  Defendant **TEXEIRA** was employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant **TEXEIRA** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

34. While employed by Defendant **TEXEIRA**, Plaintiff worked an average of **Eighty four (84)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.  Plaintiff was employed as a Cook performing the same or similar duties as that of those other similarly-situated **"**Kitchen" personnel who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

35. Plaintiff was paid an average of **$11.25** an hour from **July 15, 2010 to July 17, 2011** (**the "relevant time period"),** but was never compensated at the overtime rate for the hours that he worked in excess of 40 hours per week.  Plaintiff seeks to recover for unpaid overtime wages accumulated from **July 15, 2010, to July 17, 2011 and**/or from 3 (three) years from the date of the filing of this complaint.

36. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

    a) <u>Total amount of alleged unpaid wages</u>:

    **Thirty Eight Thousand Five Hundred Ninety Eight Dollars and 56/100 ($38,598.56**)

    b) <u>Calculation of such wages</u>:

$16.87 (unpaid OT rate per/hour) x **44 hours** of overtime per week = **$742.28** per week; **$742.28** (OT owed per week) x **52 weeks** = **$38,598.56** (per 1 year)

c) <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid **overtime**.

38. At all times material hereto, the Employer/Defendant **BRAZIL** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

39. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

40. At the times mentioned, individual Defendant **TEXEIRA**, was and is now, the Director and/or owner of Defendant Corporation.  Defendant **TEXEIRA** was employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant **TEXEIRA** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

41. Defendant  **TEXEIRA** willfully and intentionally refused to pay Plaintiff **DE ARMAS** overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant **TEXEIRA** as set forth above.

42. By reason of said intentional, willful and unlawful acts of Defendant **TEXEIRA**, Plaintiff and the similarly situated employees in the asserted class have suffered damages.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

   A. Enter judgment for Plaintiff **DE ARMAS** and other similarly-situated and against the Defendant  **TEXEIRA** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

   B. Award Plaintiff **DE ARMAS** actual damages in the amount shown to be due for

   unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff **DE ARMAS** an equal amount in double damages/liquidated damages; and

D. Award Plaintiff **DE ARMAS** reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST BRAZIL

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 13-26 of this complaint as if set out in full herein.

45. This action arises under the laws of the United States.

46. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

47. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

49. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant **BRAZIL** is a **Restaurant** and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff worked as a Cook while employed by the Defendants.

50. At the times mentioned, Defendant **TEXEIRA** was, and is now, the Director and/or owner of Defendant's Corporation **BRAZIL**. Defendant **TEXEIRA** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendant acted directly in the interests of Defendant's corporation in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant **TEXEIRA** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages

51. Plaintiff **DE ARMAS** worked an average of **Eighty Four (84)** hours per week for Defendant **BRAZIL** from on or about **July 15, 2010 to July 17, 2011**, (the relevant period) Defendant fired Plaintiff on or about **July 17, 2011**. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

52. Plaintiff was paid an average of **$11.25** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

53. Defendants **BRAZIL** willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing

Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

54. Plaintiff complained about overtime wages to the Defendant **BRAZIL** on multiple occasions and in January 26, 2011 the Defendant terminated the Plaintiff.

55. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

56. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **DE ARMAS** and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment against the Defendant **BRAZIL** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

### JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT IV:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)

**RETALIATORY DISCHARGE; AGAINST TEXEIRA Individually**

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 28-43 of this complaint as if set out in full herein.

58. This action arises under the laws of the United States.

59. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

60. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

61. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

62. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendant **BRAZIL** is a **Restaurant and**, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendants likewise affects interstate commerce.  Plaintiff worked as a Cook while employed by the Defendants.

63. At the times mentioned, Defendant **TEXEIRA** was, and is now, the Director and/or owner of Defendant's Corporation **BRAZIL**. Defendant **TEXEIRA** was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendant acted directly in the interests of Defendant's corporation in relation to the employees of Defendant employer, including Plaintiff and others similarly situated.  Defendant

**TEXEIRA** had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

64. Plaintiff **DE ARMAS** worked an average of **Eighty Four (84)** hours per week for Defendant **TEXEIRA** from on or about **July 15, 2010 to July 17, 2011**, (the relevant period) Defendant fired Plaintiff on or about **July 17, 2011**. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

65. Plaintiff was paid an average of **$11.25** per hour for the hours that he worked but was never compensated for overtime wages for the hours that he worked in excess of forty weekly.

66. Defendant **TEXEIRA** willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

67. Plaintiff complained about overtime wages to the Defendant **TEXEIRA** on multiple occasions and in retaliation, Defendant terminated the Plaintiff on July 17, 2011.

68. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

69. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A) (3) and, as a direct result, Plaintiff has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, **DE ARMAS** and those similarly-situated respectfully requests that this

Honorable Court:

A. Enter judgment against the Defendant **TEXEIRA** for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant **TEXEIRA** from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: January 24, 2012

Respectfully submitted,

**THE LAW OFFICES OF ZANDRO E. PALMA, P.A.**
3100 South Dixie Highway
Suite 202
Miami, FL 33133
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com

By: _/s/ Zandro E. Palma_____
    Zandro E. Palma, Esq.
    Florida Bar No.: 0024031