UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20063-CIV-COHN/SELTZER

LEDISBEL DE ARMAS, and other
similarly situated individuals,

    Plaintiff,

vs.

MIABRAZ LLC, d/b/a Little Brazil,
and ANA CECILIA TEXEIRA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

**THIS CAUSE** is before the Court upon Defendants' Motion to Exclude Expert Testimony and/or in the Alternative for Extension of Time [DE 45].[1] The Court has carefully reviewed the motion, response, and record in this case, and is otherwise advised in the premises.

Defendants' motion seeks to exclude Ada Bravo as an expert witness for Plaintiff. Defendants maintain, and Plaintiff concedes, that Plaintiff first disclosed Bravo as an expert witness in amended initial disclosures served on the afternoon of July 13, 2012—the deadline for expert discovery in this case. See DE 12 at 1; DE 39 at 2. Except for listing Bravo as an expert witness (with no information about the subject of his testimony), Plaintiff's amended disclosures were identical to the initial disclosures he had served five months earlier. See DE 21.

---

[1] The Court previously denied Defendants' motion to the extent it sought an extension of the deadline for fact discovery. See DE 48 at 2.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Here, without question, Plaintiff failed to identify Bravo as an expert in the manner required by Rule 26.  First, a party must disclose expert witnesses and their testimony "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  The Scheduling Order in this case, issued six months ago, required the parties to complete expert discovery by July 13, 2012. See DE 12 at 1.  The obvious implication of that deadline was that each party would need to disclose any expert witnesses well before July 13 so that the other side could seek discovery from those experts.  See, e.g., Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial.").  Yet Plaintiff waited until the afternoon of the expert-discovery deadline to disclose Bravo, giving Defendants no opportunity to obtain discovery from the witness.  Nor would Defendants have known what discovery to request from Bravo (even if they had time to do so), since Plaintiff provided no expert report or any other description of the witness's testimony.  See Fed. R. Civ. P. 26(a)(2)(B) (requiring that disclosure of testifying expert be accompanied by expert's written report).  And while Plaintiff claims that he "did not know of the necessity to add this witness until the last few weeks prior to the July 13, 2012, deadline," DE 64 at 2, he does not explain why he waited until the very last day of expert discovery to disclose Bravo.  See Fed. R. Civ. P. 26(e)(1)(A) (providing that when a party learns new information that renders a prior disclosure incomplete, the party must supplement the disclosure "in a timely manner").

Moreover, the Court finds that Plaintiff's failure to disclose Bravo as an expert in accordance with Rule 26 was neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c)(1). In seeking to justify the late disclosure, Plaintiff states that he "did not know in good faith that such witness would be necessary due to the ongoing discovery disputes between the parties." DE 64 at 2. But Plaintiff offers no details to support this claim, and the record concerning the parties' disputes over fact discovery does not explain why Plaintiff waited until July 13 to disclose Bravo as an expert. As to the harm from Plaintiff's violation of the expert-discovery rules, Plaintiff asserts in his response that Bravo will testify "regarding Defendants' own tax returns" and that "Defendants, having first-hand knowledge of the contents of their own tax returns, will not be prejudiced by allowing this witness to testify." Id. This argument misses the point: Regardless of whether Defendants have knowledge of the <u>subject</u> of Bravo's testimony, they have no knowledge of his <u>opinions</u> on that subject. And due to Plaintiff's unjustified late disclosure, Defendants cannot discover those opinions before trial.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Exclude Expert Testimony [DE 45] is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of July, 2012.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

---

[1] Because Plaintiff has not shown good cause for his delay in disclosing Bravo, the Court declines to extend the expert-discovery period, especially since trial is only two months away. See Fed. R. Civ. P. 16(b)(4); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).

Copies to:

Counsel of record via CM/ECF