UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20063-CIV-COHN/SELTZER

LEDISBEL DE ARMAS,

    Plaintiff,

vs.

MIABRAZ, LLC, d/b/a Little Brazil,
and ANA CECILIA TEXEIRA,

    Defendants.
_____/

## ORDER GRANTING UNOPPOSED MOTION FOR LIQUIDATED DAMAGES

**THIS CAUSE** is before the Court on Plaintiff Ledisbel de Armas's Unopposed Motion for Award of Liquidated Damages [DE 109]. The Court has carefully reviewed Plaintiff's motion and is otherwise fully advised in the premises.

In its verdict of October 4, 2012, the jury found that Defendants had failed to pay Plaintiff overtime wages required by Fair Labor Standards Act ("FLSA") and that Plaintiff was entitled to compensatory damages of $3,745.10. See DE 102 at 1-2. The jury further determined that Defendants' violation of the FLSA was willful. See id. at 2. Plaintiff now moves for an award of liquidated damages in an amount equal to his compensatory damages. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of . . . section 207 of this title [regarding overtime pay] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").

"When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated

damages in an equal amount." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1282 (11th Cir. 2008) (citing 29 U.S.C. § 216(b); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008)). An award of liquidated damages is normally subject to a good-faith defense that, if proven by the employer, gives the Court discretion to reduce or deny a liquidated-damages award. See 29 U.S.C. § 260; Alvarez Perez, 515 F.3d at 1163. But when, as here, the jury finds that the employer willfully violated the FLSA, that finding defeats any good-faith defense and requires the Court to award the full amount of liquidated damages. See Morgan, 551 F.3d at 1282-83 (citing Alvarez Perez, 515 F.3d at 1165-66). In this case, therefore, the Court must award Plaintiff liquidated damages of $3,745.10, the amount of compensatory damages found by the jury.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion for Award of Liquidated Damages [DE 109] is **GRANTED**;

2. In addition to the jury's damages award for unpaid overtime wages, Plaintiff is awarded $3,745.10 in liquidated damages; and

3. The Court will enter a separate Final Judgment that includes the total damages recoverable by Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of October, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF