UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20063-CIV-COHN/SELTZER

LEDISBEL DE ARMAS and other
similarly situated individuals,

Plaintiff,

vs.

MIABRAZ, LLC, d/b/a Little Brazil,
and ANA CECILIA TEXEIRA,

Defendants.
_____________________________/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the Court upon Plaintiff's Notice of Filing Bill of Costs [DE 112–113] and Motion for Attorneys' Fees and Costs [DE 114] (together, "Motions"). The Court has carefully reviewed the Motions, all filings supporting and opposing the Motions, and is otherwise fully advised in the premises.

## I. Background

This case involves claims by Plaintiff Ledisbel de Armas that his former employers, Defendants Miabraz, LLC, d/b/a Little Brazil, and Ana Cecilia Texeira, violated Plaintiff's rights under the Fair Labor Standards Act ("FLSA"). Specifically, Plaintiff's Amended Complaint alleges that Defendants willfully failed to pay him legally required overtime wages totaling $38,598.56. See DE 9 (Am. Compl.); 29 U.S.C. § 207 (setting forth overtime compensation requirements for non-exempt employees). Plaintiff further claims that Defendants terminated his employment in retaliation for his complaints about the unpaid wages. See DE 9; 29 U.S.C. § 215(a)(3) (making it

unlawful to discharge an employee because he has "filed any complaint . . . under or related to this chapter").

Following a four-day trial in October 2012, the jury returned a verdict in Plaintiff's favor on his overtime-wage claims, awarding him compensatory damages of $3,745.10. See DE 102. The jury found in Defendants' favor on Plaintiff's retaliatory-discharge claims. See id. Based on the jury's finding that Defendants willfully violated the FLSA's overtime-wage provisions, see id., the Court awarded Plaintiff liquidated damages equal to the amount of his compensatory damages. See DE 110; 29 U.S.C. § 216(b). The Court therefore entered a judgment of $7,490.20 in Plaintiff's favor on the overtime claims and a judgment in Defendants' favor on the retaliation claims. See DE 111 at 1.

The Court's judgment also directed the parties to submit any motions for attorneys' fees or costs in accordance with Local Rule 7.3. See id. at 2. Plaintiff now moves for an award of attorneys' fees and for reimbursement of various litigation costs. In total, Plaintiff seeks to recover $103,960.00 in fees and $15,359.11 in costs.

## II. Discussion

### A. Legal Standards

Under the FLSA, a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). To determine a reasonable fee award, "the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Norman v. Hous. Auth., 836 F.2d 1292, 1299 (11th Cir. 1988)). The court may then adjust the fee

award "based on a variety of factors, including the degree of the plaintiff's success in the suit." Id. (citing Hensley, 461 U.S. at 435-36).[1]

A fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. This burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. Also, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Id. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

A prevailing FLSA plaintiff may also recover "costs of the action." 29 U.S.C. § 216(b). Costs recoverable under this provision are the same as those authorized by 28 U.S.C. § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988); Zambrano v. Dom & Dom Pizza Inc., No. 11-20207-CIV, 2012 WL 2921513, at *2 (S.D. Fla. July 17, 2012). Section 1920 allows taxation of the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for

---

[1] These factors, first articulated by the former Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), include "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Ass'n of Disabled Ams., 469 F.3d at 1359 n.1.

printing and witnesses; (4) fees for exemplification and costs of making copies necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and of interpreters, and salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920.

**B. Analysis of Plaintiff's Motions**

In general, the parties agree that because Plaintiff prevailed on his FLSA overtime-wage claims, he is entitled to recover reasonable attorneys' fees and costs. The FLSA confirms that this is correct: the statute directs a court to award reasonable fees and costs "in addition to **any judgment** awarded to the plaintiff or plaintiffs." 29 U.S.C. § 216(b) (emphasis added); see also Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs., 452 F.3d 1254, 1257 (11th Cir. 2006) (explaining that a prevailing party is "one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant" (citing Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001))); Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam) ("A party who has obtained some relief usually will be regarded as the prevailing party [for purposes of taxing costs] even though he has not sustained all his claims." (internal quotation marks omitted)).

Defendants argue, however, that Plaintiff's requested attorneys' fees are "excessive and unreasonable" due to the "limited success achieved in toto against Defendants." DE 116 at 1. Defendants also contend that many of the time entries billed by one of Plaintiff's attorneys are excessive or duplicative. Further, Defendants assert that several of the costs sought by Plaintiff are not recoverable under 28 U.S.C. § 1920.

**1. Attorneys' Fees**

As noted above, Plaintiff requests attorneys' fees totaling $103,960.00. This amount consists of 223.6 hours of non-trial work by attorney Zandro E. Palma at a rate of $300 per hour, 32 hours of trial-related work by Palma at an hourly rate of $350, and 85.6 hours of work by attorney Ruben Martin Saenz at a $300 hourly rate. The record indicates that Palma was Plaintiff's original counsel in this action and that Saenz was retained as co-counsel shortly before trial.

**a. Reasonable Hourly Rates**

In assessing the reasonableness of Plaintiff's fee request, the Court first considers the hourly rates charged by Plaintiff's counsel. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. A fee claimant bears the burden of demonstrating with satisfactory evidence that counsel's rates are reasonable:

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

Id. (citations omitted). But even if the claimant has not produced satisfactory evidence, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent

judgment either with or without the aid of witnesses as to value." Id. at 1303 (internal quotation marks omitted).

Both Saenz and Palma have filed declarations stating that they "routinely bill" FLSA plaintiffs the hourly rates requested here, that these rates reflect the lawyers' "skill and experience in litigating employment cases," and that the rates are reasonable based on counsel's knowledge of fees billed in similar litigation. DE 114-3 at 4, ¶¶ 19-20; id. at 8, ¶¶ 19-20. Defendants' response to Plaintiff's fees motion does not specifically challenge the reasonableness of counsel's hourly rates. However, Defendants have submitted an affidavit from another employment lawyer stating that, in FLSA cases in this District, "[a] reasonable rate for an attorney [with] seven to nine years of experience is $250 per hour." DE 117 at 2, ¶ 3.

Plaintiff's attorneys provide little detail to support their opinions that the hourly rates sought in this case are reasonable. See Norman, 836 F.2d at 1299. And aside from his counsel's own opinions, Plaintiff offers no other evidence demonstrating the reasonableness of these rates. See id. Yet, while Plaintiff bears the burden of proof on this issue, the Court notes that Defendants' affidavit also lacks details to support the affiant's opinion that the rates are unreasonable. See id.

Nonetheless, based on the Court's familiarity with the rates charged by lawyers in the Southern District of Florida, the Court finds that Palma's hourly rates of $300 (non-trial) and $350 (trial), as well as Saenz's hourly rate of $300, are reasonable. For more than seven and nine years, respectively, Palma and Saenz have mainly practiced employment law, focusing on the representation of FLSA plaintiffs. See DE 114-3 at 3, ¶ 8; id. at 7, ¶ 8. Both attorneys have litigated numerous employment cases in federal and state courts. See DE 114-3 at 3, ¶¶ 9, 13; id. at 7, ¶¶ 9, 11. Further, Palma and

Saenz capably represented Plaintiff in this case, including at trial. And while the Court finds that both Palma's and Saenz's hourly rates are near the high end of reasonable, these rates are not significantly out of line with those approved in other FLSA cases in this District. See, e.g., Medrano v. Mi Colombia Bakery, Inc., No. 11-23916-CIV, 2013 WL 1748403, at *2 (S.D. Fla. Jan. 10, 2013) (awarding attorneys' fees in FLSA case based on hourly rate of $375 and citing other cases approving rates of between $295 and $350 per hour). The Court will therefore use counsel's requested rates in calculating Plaintiff's fee award.

**b. Hours Reasonably Expended**

The Court next considers the number of hours reasonably expended on the litigation of Plaintiff's claims. See Ass'n of Disabled Ams., 469 F.3d at 1359. In this regard, fee applicants must "exercise 'billing judgment.'" Norman, 836 F.2d at 1301 (quoting Hensley, 461 U.S. at 437). A prevailing party may not recover fees for "excessive, redundant, or otherwise unnecessary" hours. Hensley, 461 U.S. at 434; see Norman, 836 F.2d at 1301. When, as here, the party is represented by more than one attorney, the Court must deduct from the fee award any "redundant hours." Norman, 836 F.2d at 1301-02; see Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974) ("The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted.").[2] Still, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302.

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Defendants raise several objections to the hours billed by Palma.[3] These objections generally fall into two categories: (1) that many of Palma's time entries are excessive for the tasks performed and (2) that the trial-related hours billed by Palma were duplicative of the time spent by Saenz and therefore unnecessary. The Court finds these arguments unpersuasive.

Initially, the Court observes that the litigation of this case was quite contentious. While each side accuses the other of being unreasonable (or worse), one thing is clear: the parties vigorously prosecuted and defended this case all the way through verdict. Without question, the litigation here was more extensive than in most FLSA cases. In general, then, it is not inherently unreasonable that Palma spent a substantial amount of time working on the case or that Saenz was retained as co-counsel for trial.

It is true, as Defendants maintain, that Palma and Saenz often worked together in representing Plaintiff during trial. But based on counsel's billing records, as well as the Court's experience with the case, both lawyers made distinct and substantial contributions to Plaintiff's defense. Defendants and their affiant also point to a number of time entries by Palma that they claim are excessive or insufficiently documented. After a careful review of the record, however, the Court finds that nearly all of the challenged time entries were reasonable for the tasks performed, necessary for Plaintiff's prosecution of the case, and adequately detailed in counsel's billing records. Only one time entry is clearly duplicative: On July 18, 2012, Palma's records contain

[3] Although Defendants' affiant claims that certain time entries by Saenz are excessive, see DE 117 at 5-6, Defendants have not raised those points in their motion response. The Court finds, in any event, that the time entries identified by the affiant are reasonable for the tasks performed and are adequately documented in Saenz's billing records.

two substantially identical entries of 0.5 hours for drafting and filing a notice cancelling depositions. See DE 114-1 at 13. The Court will therefore deduct 0.5 hours from Palma's non-trial billing. Accordingly, subject to the Court's adjustment of the fee award (discussed below), the Court will award Plaintiff attorneys' fees for 223.1 hours of non-trial work and 32 hours of trial work by Palma, and for 85.6 hours of work by Saenz. Multiplying these hours by counsel's reasonable hourly rates, Plaintiff's total unadjusted fee award is $103,810.00.

**c. Adjustment of Fee Award**

As previously noted, a court may adjust an award of attorneys' fees "based on a variety of factors, including the degree of the plaintiff's success in the suit." Ass'n of Disabled Ams., 469 F.3d at 1359. The Eleventh Circuit has explained how courts should evaluate a fee-award adjustment based on the plaintiff's degree of success:

> If the result was excellent, then the court should compensate for all hours reasonably expended. If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive. In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion. A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised.

Norman, 836 F.2d at 1302 (citations omitted).

Arguing for a reduction of the requested fees, Defendants emphasize that while Plaintiff prevailed on his overtime-wage claims, the jury awarded him "less than ten (10%) percent of the amount demanded in the First Amended Complaint." DE 116 at 1.

As discussed above, Plaintiff sought unpaid overtime wages of $38,598.56, but the jury awarded him compensatory damages of only $3,745.10. Defendants further note that the total judgment recovered by Plaintiff, including liquidated damages, was $7,490.20. See id. More, Defendants point out that "there was no recovery" for Plaintiff's retaliation claims, which the jury rejected. Id. Defendants thus contend that Plaintiff's fee request of over $100,000—totaling more than twenty-seven times the amount of damages awarded by the jury—is "grossly excessive." Id. at 2. The Court is compelled to agree.

In support of his requested fees, Plaintiff stresses that the FLSA's fee-shifting provision allows employees to pursue valid wage-and-hour claims that would otherwise be uneconomical to litigate. To further this policy, Plaintiff argues, a large fee award is necessary in a case like this one, where the employer mounts a thorough defense. Plaintiff therefore maintains that the Court should not follow a "rule of proportionality" in determining the amount of the fee award. DE 120 at 2.

While all of Plaintiff's points are valid in the abstract, Plaintiff overlooks that he achieved only modest success in this lawsuit. Even counting the liquidated damages awarded by the Court, Plaintiff recovered less than twenty percent of the claimed unpaid overtime wages. And Plaintiff recovered nothing on his retaliation claims, as the jury found that Defendants did not discharge him from employment. See DE 102 at 2. Controlling precedent makes clear that "the most critical factor" in adjusting a fee award is "the degree of success obtained." Hensley, 461 U.S. at 436; see Ass'n of Disabled Ams., 469 F.3d at 1359; Norman, 836 F.2d at 1302. Though a plaintiff may be entitled to a full fee award when he achieves a high degree of success after much litigation, a defendant should not have to pay such an award when its defense is largely vindicated by a plaintiff's limited success. See Hensley, 461 U.S. at 436 ("Congress has not

authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill."); see also Norman, 836 F.2d at 1302 ("A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.").

For these reasons, the Court finds that a substantial reduction of Plaintiff's fee award is appropriate. Because Plaintiff's overtime claims and retaliation claims are intertwined, it is not feasible to "identify specific hours spent in unsuccessful claims." Norman, 836 F.2d at 1302. Instead, the Court will adjust the fee award by a proportion that fairly accounts for Plaintiff's limited recovery on his overtime claims, his lack of success on the retaliation claims, and other relevant factors. See id.; Johnson, 488 F.2d at 717-19. After careful review, the Court concludes that a reduction of sixty percent is warranted. Although Plaintiff's limited success in this action might justify a greater reduction, the Court credits the declarations of Palma and Saenz that they were precluded from accepting other matters due to the amount of work required in this case. See DE 114-3 at 3-4, 7-8.[4] The Court thus awards Plaintiff $41,524.00 in attorneys' fees, representing forty percent of the unadjusted fee award determined above.[5]

**2. Costs**

The Court now turns to Plaintiff's request for litigation costs totaling $15,359.11. Defendants argue that a number of the costs Plaintiff seeks to recover are not taxable

---

[4] The Court has also considered the other Johnson factors, see supra note 1, but finds that they do not warrant a further adjustment of Plaintiff's fee award.

[5] Plaintiff also requests additional fees for the time counsel spent litigating the present fees motion. See DE 114 at 14-15; DE 120 at 8. While Plaintiff's motion papers estimate the time each lawyer spent on the motion, Plaintiff has provided no documentation to support these claims. See S.D. Fla. L.R. 7.3(a). For this reason, and given the Court's substantial reduction of Plaintiff's fee request in the underlying case, the Court declines to award Plaintiff additional fees for litigating this motion.

under 28 U.S.C. § 1920. A presumption exists in favor of awarding costs. See Manor Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991). "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). Accordingly, the Court will address only the particular costs that Defendants have challenged. See Ferguson v. N. Broward Hosp. Dist., No. 10-61606, 2011 WL 3583754, at *1-*3 (S.D. Fla. Aug. 15, 2011).

**a. Subpoena Service Fees**

Defendants first dispute the "cost of rush service of [trial] Subpoenas to a Daniel Lucero and Rodolfo Rojas who were not called as witnesses." DE 116 at 5. The invoice for these two subpoenas reflects that they were served on a "Rush" basis at a cost of $70.00 each. See DE 113-1 at 2. Other non-"Rush" subpoenas billed in the same invoice were served at a cost of $40.00 each. See id. at 1.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). But such costs are generally limited to $55.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); W&O, Inc., 213 F.3d at 624. Here, Plaintiff explains that Lucero and Rojas were not called as witnesses because "they failed to appear despite being subpoenaed." DE 120 at 7. Based on this representation, the Court finds that the costs of serving the subpoenas are taxable.[6] However, the $30.00 premium for "Rush" service of each subpoena is not

[6] In any event, the Court's minutes for the first day of trial reflect that Rojas did, in fact, testify. See DE 96.

recoverable because the total service charge exceeds $55.00, and Plaintiff has not explained why expedited service was necessary. The Court will therefore reduce the requested service costs by a total of $60.00.

**b. Expert Fees**

Defendants next challenge $2,000 in costs that Plaintiff paid to Bravo Accounting Services, Inc., for review of various documents. See DE 113-1 at 4. Although no one from the accounting firm testified at trial, Plaintiff claims that its services were "critical and instrumental in establishing [FLSA] enterprise coverage in this case." DE 120 at 7. The problem with these costs, as Defendants note, is that they are not taxable under any provision of § 1920. See Manriquez v. Manuel Diaz Farms, Inc., No. 00-1511-CIV, 2002 WL 1050331, at *4 (S.D. Fla. May 23, 2002) (explaining that § 1920 does not permit recovery for fees of experts not appointed by the court). Thus, the Court will deduct the $2,000 in expert fees from Plaintiff's taxable costs.

**c. Deposition Costs**

Defendants also dispute Plaintiff's request for costs associated with three depositions—those of Diana Dugue, Ernestine Styles, and Alejo Carbajal. See DE 113-1 at 5, 10-12, 15, 19. Defendants assert that (1) Dugue "was not called as a witness at trial and the deposition was not used"; (2) Styles "was not a witness in the instant matter," and the invoice for her deposition references another case; and (3) Carbajal "was subpoenaed for trial by Plaintiff but not called as a witness." DE 116 at 5.

Section 1920(2) permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under this provision, the cost of a deposition transcript is taxable so long as the deposition was

"necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 620-21. A deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken." Id. at 621 (internal quotation marks omitted). Accordingly, the fact that Dugue and Carbajal did not testify at trial does not foreclose an award of costs for their depositions. See Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (N.D. Ill. 1982) ("The standard for awarding the cost of depositions is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken."). And Defendants have offered no evidence that the depositions of Dugue and Carbajal "were not related to an issue in the case when the depositions were taken." W&O, Inc., 213 F.3d at 622. Consequently, Plaintiff may recover the charges associated with Dugue's and Carbajal's depositions. Since Plaintiff does not dispute that Styles was not a witness in this case, however, the Court will exclude the $124.64 in costs for that deposition.

**d. Mediation Costs**

Last, Defendants contest Plaintiff's recovery of mediation costs. See DE 113-1 at 3. The Court agrees that "reimbursement for costs associated with mediation is not expressly permitted under 28 U.S.C. § 1920, and should not be awarded." Zambrano, 2012 WL 2921513, at *3 (citing Gary Brown & Assocs., Inc. v. Ashdon, 268 F. App'x 837, 846 (11th Cir. 2008)); see Smith v. Reliance Standard Life Ins. Co., No. 03-61274-CIV, 2004 WL 2980683, at *3 (S.D. Fla. Nov. 10, 2004) ("Mediation is not compensable under 28 U.S.C. § 1920."). Therefore, the Court will exclude the requested mediation costs of $468.75 from Plaintiff's recovery.

## III. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Notice of Filing Bill of Costs [DE 112–113] and Motion for Attorneys' Fees and Costs [DE 114] are **GRANTED IN PART and DENIED IN PART**;
2. Plaintiff is awarded $41,524.00 in attorneys' fees and $12,705.72 in costs; and
3. The Court will enter a separate final judgment taxing fees and costs in the amount of $54,229.72.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of August, 2013.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF